## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### COVINGTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | **Criminal Action No.** |
| | ) | **2:19-40-DLB-MAS-1** |
| **v.** | ) | **and** |
| | ) | **Civil Action No.** |
| **ROBERT RAMONE POE,** | ) | **2:20-132-DLB-MAS** |
| | ) | |
| **Defendant/Movant.** | ) | |
| | ) | |

## REPORT & RECOMMENDATION

This matter is before the undersigned on Petitioner Robert Ramone Poe's ("Poe) Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 31].[1] Poe alleges that his trial counsel ineffectively advised him concerning the potential penalties he faced and the circumstances surrounding plea agreement negotiations. The United States responded in opposition. [DE 38]. Despite opportunity, Poe did not reply. The Court perceives an evidentiary hearing as unnecessary to resolve the motion, as discussed below. Based on review of the full record, the Court recommends denial of Poe's § 2255 motion for the reasons here discussed.

## I.   RELEVANT FACTUAL BACKGROUND

On May 17, 2019, Poe appeared before the Court on an Indictment alleging that he had possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [DE 1 (Indictment), DE 8 (Minutes)]. On July 2, 2019, Poe pleaded guilty to the sole Indictment count before District Judge David L. Bunning. [DE 13 (Minutes), DE 15 (Plea Agreement)]. Per the plea agreement, Poe agreed that the United States could prove the essential elements of the charged offense beyond

---

[1] Record citations reference the underlying criminal docket.

a reasonable doubt. [DE 15, ¶¶ 2–3]. Specifically, Poe admitted that he had knowingly possessed a handgun found during the execution of a search warrant inside of a closet located in the master bedroom of his residence. [*Id.*, ¶ 3(a)]. He further conceded that the search yielded discovery of heroin and cocaine, packaged for distribution, located inside of a nightstand in the master bedroom that also contained documents identifying Poe. [*Id.*, ¶ 3(b)]. Poe also admitted that he was a convicted felon at the time he possessed the firearm and that the firearm had traveled in interstate commerce. [*Id.*, ¶ 3(c)–(d)]. Defendant acknowledged that he understood the plea terms, had discussed them fully with counsel, and voluntarily entered into the agreement as written. [*Id.*, ¶ 14].

At Poe's rearraignment proceeding before Judge Bunning, he—under oath—confirmed that he had adequate time and opportunity to discuss case options with counsel (Hon. James West) and that he was fully satisfied with Mr. West's representation. [DE 37 (Plea Tr.), at Page ID # 118–20]. After asking Poe questions to establish his competency to change plea [*id.*, at Page ID # 118–19]], Judge Bunning proceeded to conduct a comprehensive Rule 11 colloquy. The Court reviewed Poe's constitutional rights and outlined the trial rights he would be waiving by pleading guilty. [*Id.*, at Page ID # 120–22]. It ensured that no one had compelled Poe to enter the plea agreement and that Poe had not been promised any specific sentence. [*Id.*, at Page ID # 124]. The United States fully described the agreement's contents on the record, and Poe and his counsel confirmed that such description was consistent with their understanding. [*Id.,* at Page ID # 125–27]. Judge Bunning further discussed all potential statutory penalties applicable to the offense charged. [*Id.*, at Page ID # 128–30]. Finally, the Court confirmed that Poe understood the appeal

and collateral attack waiver in his plea agreement and ensured that his entry into that paragraph was knowing and voluntary. [*Id.*, at Page ID # 136–38].[2]

After the Court established an adequate factual basis for the guilty plea per Poe's sworn factual representations on the record, Poe pleaded guilty to the § 922(g)(1) offense charged. [*Id.*, at Page ID # 137–39]. Judge Bunning subsequently found that Poe was competent and capable of entering a valid plea and that his guilty plea was knowing, voluntarily, and intelligent, and supported by an independent basis in fact that satisfied the essential offense elements. [*Id.*, at Page ID # 139–40]. Judge Bunning thus accepted Poe's plea and adjudged him guilty of the charge in the Indictment. [*Id.*].

Judge Bunning conducted Poe's sentencing hearing on October 15, 2019. [DE 22 (Minutes)]. Per the Presentence Investigation Report ("PIR") and accounting for Poe's single objection as sustained on the sentencing record, Poe had a total offense level of 25 and was a criminal history category IV, resulting in a guideline imprisonment range of 84 to 105 months' imprisonment. [DE 22, PIR ¶ 143, *see also* USSG Chapter 5, Part A].[3] The Court ultimately sentenced Poe to 105 months' imprisonment, to be followed by three years of supervised release. [DE 23 (Judgment)]. Poe did not file a direct appeal.

On September 22, 2020, Poe timely filed the instant § 2255 motion. Poe waived attorney-client privilege as to the raised issues. [DE 35, 36].

---

[2] Per the waiver provision, Poe waived his right to appeal the guilty plea, conviction, and sentence. [DE 15, ¶ 7]. He also waived all collateral attack rights, except for claims of ineffective assistance of counsel. [*Id.*].

[3] As reflected in the ordering clause of this Report and Recommendation, the Court directs docketing (under seal) of the PIR, given its centrality to the arguments Poe raises in his § 2255 motion.

## II.    <u>LEGAL FRAMEWORK</u>

Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."   *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).  Any non-constitutional error must constitute a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).  A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence.  *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*).

One class of alleged constitutional error is ineffective assistance of counsel ("IAC") in violation of the Sixth Amendment.  The standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs IAC claims.  To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant.  *Id*. at 687.  To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 687–88.  "Judicial scrutiny of counsel's performance must be highly deferential[,]" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694–95. The Court "must consider the totality of the evidence" in assessing prejudice. *Id.* at 695. To satisfy the prejudice prong "[i]n a guilty plea context 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

### III.    ANALYSIS

Poe's sole claim is that counsel inaccurately advised him concerning his potential eligibility for a career offender sentencing enhancement under USSG § 4B1.1,[4] purportedly impacting Poe's decision to enter the plea agreement. [DE 31, at Page ID # 96]. Poe states that counsel explained that, if he did not reach a plea agreement and plead guilty to the charged § 922(g)(1) offense, the United States would have sought to supersede and add charges implicating the career offender enhancement, triggering greater sentencing exposure (potentially

---

[4] The Court clarifies that, though Poe references the "Career Criminal Act," the record confirms that his claim substantively relates to the career offender enhancement under the sentencing guidelines (USSG § 4B1.1), rather than the statutory Armed Career Criminal Act, 18 U.S.C. § 924(e). Poe claims that his counsel advised that, if Poe accepted the plea offer, the prosecutor would not "charge" him as a career criminal. This suggests that Poe intends to reference the career offender guideline, as § 924(e) applicability would not have required any additional or different charging. [*See also* DE 1, at Page ID # 3 (indicating that the § 924(e) enhanced penalties could apply to the charge as already indicted]. Career offender enhancement applicability, on the other hand, would indeed require additional charge(s). Further, defense counsel's affidavit [DE 38-1] in response to Poe's § 2255 motion confirms that the relevant plea-related discussions centered around career offender enhancement applicability, and not Armed Career Criminal Act applicability. Poe, despite opportunity, did not challenge the assertions in counsel's affidavit.

5

around 240 months' imprisonment).  [*Id.*].  Poe argues that this was poor advice because he believes that he would not, in fact, have qualified for the enhancement.  Poe thus assert that, though he "thought that [the plea agreement] was a good deal" at the time, he now perceives that it was not and argues that counsel ineffectively explained the options and sentencing possibilities.  [*Id.*, at Page ID # 97].

Poe's ineffective assistance of counsel claim fails to meet either *Strickland* prong, as discussed below.  Further, the Court sees no need for an evidentiary hearing, under the circumstances.  The Court must "grant a prompt hearing" on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Such is the case here.  *See also* Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts (directing the Court to examine the filings and record "to determine whether an evidentiary hearing is warranted").  The Court must hold a hearing where the petitioner raises a factual dispute underlying his claims, and "[t]he burden for establishing an entitlement to an evidentiary hearing is relatively light[.]"  *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018).  However, "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact[,]" no evidentiary hearing is required.  *Id.*

Even accepting Poe's factual assertions concerning counsel's career offender advice as true, Poe cannot establish that counsel's assistance was ineffective.  The PIR, as adopted (with limited modification, as discussed) by the district court at sentencing, demonstrates that Poe indeed would have risked exposure to the career offender sentencing enhancement if he had been charged with controlled substance offenses.  And, the facts Poe admitted in the plea agreement provide some foundation for such potential charges.  Accordingly, the advice for which Poe faults counsel

6

was indeed sound, and the record firmly precludes any finding of constitutionally deficient performance. Further, Poe does not allege that he would not have pleaded guilty if not for this advice, and the rearraignment transcript confirms that Poe's guilty plea was knowing, valid, intelligent, and supported by an adequate basis in fact. The record thus also precludes any finding of prejudice, based on Poe's unchallenged statements under oath.

Because the record flatly contradicts Poe's ineffective assistance assertion, no hearing is needed to recommend rejection of the untenable claim.

**A.    POE HAS NOT SHOWN THAT COUNSEL PERFORMED DEFICIENTLY.**

Critically, and as an independently sufficient reason for rejecting Poe's ineffective assistance claim, the record demonstrates that counsel's advice (as Poe alleges it) was accurate. To trigger a career offender enhancement under the guidelines, (1) the defendant must have been at least eighteen-years-old at the time of the instant offense, (2) the instant offense of conviction must be either a felony crime of violence or a felony controlled substance offense, and (3) the defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). If applicable, a career offender enhancement carries steep penalties, with the defendant automatically being categorized as a criminal history category VI and, depending on the crime of conviction, receiving potential offense level increases. *Id.* § 4B1.1(b). Particularly given that Poe was a criminal history category IV absent any career offender designation, enhancement application undoubtedly would have increased his guidelines range and sentencing exposure.

Notably, the PIR indicates that Poe indeed had (at least) two prior qualifying controlled substance convictions. First, the PIR lists several August 2014 Kentucky convictions for first-degree trafficking in controlled substances. [PIR, ¶ 101]. The statute of conviction for such offenses, as in place at the time of Poe's 2014 guilt finding and sentencing, is a qualifying career

offender predicate under USSG § 4B1.2(b). *See* KRS § 218A.1412 (effective June 8, 2011 to March 24, 2015); *United States v. Whitfield*, 726 F. App'x 373, 374 (6th Cir. 2018) (holding that the district court did not err in finding that the defendant's prior conviction under this statute—the precise version applicable to Poe's 2014 offense—was a valid career offender predicate). The statute criminalizes distribution of a controlled substance, and violations are punishable by more than one year in prison.[5] *See* USSG § 4B1.2(b). Collectively, the paragraph 101 offenses thus represent a valid, qualifying predicate for career offender enhancement purposes.[6]

Similarly, the PIR notes that Poe has two convictions for enhanced trafficking in a controlled substance from December 2008. [PIR, ¶ 101]. Though the PIR does not indicate precisely which variant of the Kentucky trafficking statute applied to those convictions, all three such statutes (now and as operative at the time of Poe's convictions) prohibit the distribution of controlled substances as § 4B1.2(b) requires. *See* KRS §§ 218A.1412 (first-degree), 218A.1413 (second-degree), 218A.1414 (third-degree). And, given the convictions' gun-related enhancement, a conviction under any version would be at minimum a Class D felony, carrying a potential maximum penalty of more than one year. *See* KRS § 218A.992(1).[7] *See also United States v. Crawford*, No. 2:17-CR-34-DLB-HAI, 2020 WL 8410056, at *12 (E.D. Ky. Dec. 10,

---

[5] The KRS § 218A.1412 offense is, *at minimum*, a Class D felony punishable by one to five years in prison. *See* KRS § 532.060(2)(d) (effective June 8, 2011 to present). Poe received ten years, indicating that he committed a variant of the offense constituting either a Class B or Class C felony. Regardless, the statute of conviction describes an offense punishable by a term exceeding one year in prison, as the career offender guideline requires.

[6] The paragraph 101 offenses constitute only one predicate because they would not be counted separately under § 4A1.1(a), (b), or (c). *See* USSG § 4B1.2(c). The PIR confirms that there was no intervening arrest between the offenses, and the sentences for the paragraph 101 offenses were imposed on the same day; they are thus treated as a single sentence per § 4A1.2(a)(2).

[7] This is true as it pertains to both the present statute and the version in place at the time of Poe's 2008 convictions.

2020), *report and recommendation adopted*, No. CR 17-34-DLB-HAI, 2021 WL 356876 (E.D. Ky. Feb. 2, 2021) (citing *Whitfield*, 726 F. App'x at 374) (observing, in the context of the Kentucky trafficking statutes, that a Class D felony satisfies the penalty requirement of the career offender provision). These 2008 convictions likewise constitute a career offender predicate.[8]

With two likely qualifying career offender predicates, Poe avoided the enhancing designation simply because current Sixth Circuit law indicates that the instant offense of conviction under § 922(g)(1) does not qualify as a crime of violence (or, of course, a controlled substance offense). As § 922(g)(1) is not an enumerated offense in § 4B1.2(a)(2), it must have "as an element the use, attempted use, or threatened use of physical force against the person of another" to qualify as a crime of violence. USSG § 4B1.2(a)(1). In an unpublished decision in the context of the Bail Reform Act, the Sixth Circuit has held that § 922(g)(1) does not involve such a use-of-force risk. *United States v. Hardon*, 149 F.3d 1185 (6th Cir. 1998). Other published cases in roughly analogous contexts likewise exclude mere possession offenses from the violent crime category. *See, e.g.*, *Orr v. Hawk*, 156 F.3d 651, 655–56 (6th Cir. 1998) (discussing the broadly applicable 18 U.S.C. § 16 "crime of violence" definition—which is substantially similar to the § 4B1.2 language—and observing that it does not encompass § 922(g) offenses). Accordingly, Poe as here charged did not qualify as a career offender despite qualifying predicates, and he was not sentenced as a career offender.

However, if the United States had pursued a superseding indictment and ultimately charged Poe with possession with intent to distribute the controlled substances found at his residence during

---

[8] The convictions are again treated as a single sentence under the guidelines. And given the sentence lengths, the ages of these convictions do not preclude them from garnering criminal history points under § 4A1.1(a), as Poe was sentenced less than fifteen years before commencement of the instant felon-in-possession offense. The PIR's criminal history scoring confirms their three-point value.

the search warrant execution, he would likely have been sentenced as a career offender if convicted. *See* USSG § 4B1.2(b) (defining "controlled substance offense" for enhancement purposes). Notably, Poe's admissions in the plea agreement offer significant factual foundation for such charges. [DE 15, ¶ 3(a)–(b) (conceding that law enforcement found, in a drawer in Poe's bedroom that also contained documents identifying Poe, heroin and cocaine packaged for distribution and a digital scale)]. Trial counsel thus accurately advised Poe that there was considerable risk of additional controlled substance charges, as well as strong evidentiary support for a resulting conviction. And, as counsel correctly explained to Poe, such a controlled substance conviction would almost surely trigger the career offender enhancement, subjecting Poe to a significantly higher guidelines range and an ultimately greater term of imprisonment.

It was proper—indeed, essential—for defense counsel to present these pertinent circumstances to Poe during the plea negotiation and consideration process. The record, inclusive of Poe's own statements in his § 2255 motion, confirms that counsel appropriately advised Poe concerning his plea options and the potential sentencing consequences. Accordingly, it is apparent that counsel did not perform deficiently in this regard, and the first *Strickland* prong is unquestionably unmet.

**B.    POE HAS NOT DEMONSTRATED RESULTING PREJUDICE.**

As discussed, failure to satisfy either *Strickland* prong dooms an ineffective assistance claim. Nonetheless, and as an alternative and independent basis for the claim's failure here, Poe likewise has not shown prejudice stemming from counsel's advice because he has not shown that he would not have pleaded guilty in its absence. It is Poe's burden to establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campbell*, 686 F.3d at 357. To carry his burden, Poe must present facts proven by a preponderance of the evidence demonstrating such a reasonable probability. Poe

indisputably has not done so.  Fatally, he does not allege that he would not have pleaded guilty if not for counsel's advice regarding career offender potential—rather, Poe simply speculates that he now no longer believes he got "a good deal."  [DE 31, at Page ID # 97].  The substance of Poe's claim suggests that his primary qualm is with the ultimate plea agreement reached and the sentence received, rather than with his decision to enter a guilty plea as a general matter or his waiver of trial rights.  The petition does not indicate that Poe would have altogether declined to plead guilty and insisted upon going to trial if not for counsel's explanation of the career offender risk.

Moreover, the thorough Rule 11 colloquy conducted by Judge Bunning at Poe's rearraignment hearing firmly establishes that Poe's plea was knowing, voluntary, intelligent, and based on a comprehensive understanding of his plea options.  "In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and made with sufficient awareness of the relevant circumstances and likely consequences." *Byars v. Gidley*, No. 16-2485, 2017 WL 4956919, at *2 (6th Cir. July 3, 2017) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "Courts evaluate the voluntariness of a guilty plea in light of all relevant circumstances surrounding the plea." *Id.*  Critically, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Consequently, "[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74.  Later contrary, "conclusory allegations unsupported by specifics" are typically unpersuasive. *Id.* at 74.

Poe stated under oath at rearraignment that he had fully consulted with counsel, reviewed the discovery, and assessed his options before the proceeding.  He further confirmed that he was satisfied with counsel's advice and assistance.  [DE 37, at Page ID # 118–20].  The Court discussed

and Poe admitted all facts contained in the plea agreement, and Judge Bunning determined that the facts adequately established the essential elements of the offense in the Indictment. [*Id.*, at Page ID # 137–39]. Additionally, and contrary to Poe's recollection that he "t[ook] [a] plea of 105 months" [DE 31, at Page ID #96], Poe pleaded guilty to the offense charged without reference to any corresponding sentence. Poe specified that, though he had appropriately discussed potentially applicable sentencing guidelines with counsel in considering his plea options, his plea did not rest upon any particular sentencing expectation or any outside promise not contained in the plea agreement itself. [*Id.*, at Page ID # 124–27]. Based on Poe's responses, Judge Bunning concluded that the guilty plea was knowing, voluntarily, intelligent, and supported by an independent basis in fact. [*Id.*, at Page ID # 139–40]. Nothing in Poe's current § 2255 petition undermines Poe's sworn representations and admissions or Judge Bunning's findings.

Ultimately, the colllquy confirms that Poe pleaded guilty because he was, in fact, factually guilty of the offense charged. This decision appropriately encompassed consideration of Poe's circumstances and any potential sentencing consequences. Poe's statements and Judge Bunning's findings on the record establish the validity of Poe's guilty plea, and Poe has not shown or even attempted to show otherwise in this proceeding. Given Poe's properly informed, valid, and binding guilty plea, he has not demonstrated a reasonable probability that he would have insisted upon taking his case to trial if not for his understanding of the career offender possibility. Poe thus fails to satisfy the second *Strickland* prong.

Accordingly, because Poe has not made either showing required under the *Strickland* standard, the Court flatly rejects his ineffective assistance of counsel claim.

## IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully

explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues warrant further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Based on the full record, there is not a reasonably debatable question as to whether Poe received ineffective assistance of counsel on the basis alleged. The record unequivocally confirms both the soundness of counsel's advice regarding the career offender enhancement possibility and the fully informed, knowing, and voluntary basis for Poe's decision to plead guilty. The evidence before the Court forecloses any possibility of relief on the asserted claim. Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## V.    CONCLUSION

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [DE 31] as to all claims raised; and

13

2) the District Court **DENY** a certificate of appealability as to all issues, should Poe seek one.

Additionally, to ensure a complete record for the District Court's review, the Court **DIRECTS** the Clerk to file the attached PIR, **under seal**, in the docket for this case.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 26th day of February, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge

14